IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MARK O'GRADY AND PAM O'GRADY | § § § | |
| v. | § § | CIVIL ACTION NO. 1:19-cv-168 |
| PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, DAVID MATHESON, ANA RUSHKA, WAYNE MCGREW, SAM RIVERA, ALLCAT CLAIMS SERVICES, L. P., SEAN PECK AND MONTE ALLEN | § § § § § § § | |

**NOTICE OF REMOVAL**

Defendant, Property and Casualty Insurance Company of Hartford ("Hartford"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the captioned action, Cause No. E-203487; *Mark O'Grady and Pam O'Grady v. Property and Casualty Insurance Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, AllCat Claims Services, L.P., Sean Peck and Monte Allen;* pending in the 172nd Judicial District Court of Jefferson County, Texas. The proper parties are of diverse citizenship and the amount in controversy requirement is satisfied. In support of this Notice of Removal, Hartford respectfully submits the following:

**I.
INTRODUCTION**

1. On March 8, 2019, Plaintiffs Mark O' Grady and Pam O'Grady ("Plaintiffs") filed their Petition in the matter styled *Mark O'Grady and Pam O'Grady v. Property and Casualty Insurance Company of Hartford* ("Hartford")*, David Matheson* ("Matheson")*, Ana Rushka* ("Rushka")*, Wayne McGrew* ("McGrew")*, Sam Rivera* ("Rivera")*, AllCat Claims Services, L.P.* ("AllCat")*, Sean Peck* ("Peck"), *and Monte Allen* ("Allen")¸ Cause No. E-203487, in the 172nd Judicial District

of Jefferson County, Texas. In the Petition, Plaintiffs allege that Defendants underpaid and wrongfully partially denied their claim for damage to their property, under the homeowners' policy issued by Hartford. Plaintiffs also assert claims against the Defendants under the Texas Insurance Code and Texas Deceptive Trade Practices Act.

2. Plaintiffs served Hartford, David Matheson, Ana Rushka, Wayne McGrew, and Sam Rivera, with the citation and Plaintiffs' Original Petition on March 15, 2019. Monte Allen was served with the citation and Plaintiff's Original Petition on March 19, 2019. Allcat Claims, LP was served with the citation and Plaintiff's Original Petition on March 13, 2019. Defendants are not aware of service on Sean Peck at this time. Defendants file this Notice of Removal within the thirty day time period required by 28 U.S.C. §1446(b). Attached as Exhibit "1" to this Ntice is the Index of State Court Documents. A certified copy of the Jefferson County Clerk's file for the case is attached as Exhibit "2".

## II.
## BASIS FOR REMOVAL

3. Removal is proper based on diversity of citizenship under 28 U.S.C §§ 1332(a)(1), 1441(a), and 1446.

**A.   THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP**

4. On information and belief, Plaintiffs Mark O'Grady and Pam O'Grady are residents of Texas. *See* Plaintiff's Original Petition at ¶ 14.

5. Hartford is a Connecticut corporation, a wholly owned subsidiary of The Hartford Financial Services Group, Inc., a Delaware Corporation. Hartford's principal place of business is in Connecticut and Hartford is a citizen of Connecticut for diversity purposes. Accordingly, Hartford is of diverse citizenship to Plaintiffs.

6. Defendants David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera are individuals who are or were employees of Hartford. They are residents and citizens of the state of Connecticut. Accordingly, they are of diverse citizenship to Plaintiffs.

7. Defendant Allcat is an independent claim adjusting company that is operating in and is a citizen of Texas. Allcat has been improperly joined in this action for the reasons set forth below, and therefore Allcat's Texas citizenship should be disregarded for the purposes of evaluating diversity in this matter.

8. Defendant Sean Peck is an independent adjuster employed by Allcat. On information and belief, Peck is a citizen and resident of Texas. Peck has been improperly joined in this action for the reasons set forth below, and therefore Peck's Texas citizenship should be disregarded for the purposes of evaluating diversity in this matter.

9. Defendant Monte Allen is an independent adjuster. On information and belief, he is a citizen and resident of Texas. Allen has been improperly joined in this action for the reasons set forth below, and therefore Allen's Texas citizenship should be disregarded for the purposes of evaluating diversity in this matter.

**B.** **ALLCAT, PECK AND ALLEN WERE IMPROPERLY JOINED AND SHOULD BE DISMISSED**

10. The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in improper or fraudulent joinder of that party. *Waters v. Metropolitan Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994).

11. AllCat, Peck and Allen (collectively the "Forum Defendants") were improperly joined because there is no reasonable basis for the Court to predict that the Plaintiffs might be able to recover against them. *See Scott Hengemuhle & Ty Properties, LLC v. Acceptance Indem. Ins. Co.*, No. 417CV00409ALMKPJ, 2017 WL 3908934, at *2 (E.D. Tex. Aug. 17, 2017), *report and*

*recommendation adopted*, No. 4:17CV409, 2017 WL 3896157 (E.D. Tex. Sept. 6, 2017); *citing Rico v. Flores*, 481 F. 3d 234, 239 (5th Cir. 2006).

12. In determining whether an in-state defendant was properly joined, the court may conduct a Rule 12(b)(6) analysis "looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Hengemuhle* at 2, *citing Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

13. Here, Plaintiffs assert generic claims against the Forum Defendants for non-compliance with the Texas Insurance Code, fraud, and conspiracy to commit fraud. *See* Plaintiff's Original Petition pp. 14-17. The only specific allegation against the Forum Defendants is: "Allcat Claims, L.P. conducted an initial outcome-oriented, inspection through its adjusters, Sean Peck. After initial inspection, Defendant Monte Allen was requested to inspect the property as well." *See* Plaintiff's Original Petition at ¶ 15. Peck's estimate was later revised as the claim continued, therefore his estimate was not determinative of the final outcome of the claim.

14. This single factual allegation against the Forum Defendants is not sufficient to establish a viable claim against the Forum Defendants. In *Yan Quing Jiang*, The Western District court faced a similar situation. "Jiang's petition contains only a single sentence of factual allegations concerning Pustka: 'Pustka conducted a pretextual and wholly insufficient investigation, the sole objective of which was to deny payment to Plaintiff.' Jiang then asserts two causes of action against Pustka. The first is a claim arising under the Texas Insurance Code. . . . The second arises under the Texas Deceptive Trade Practices Act. . . . Because all of Jiang's claims against Pustka relate to her insurance claim, the Court must dismiss all of Jiang's claims against Pustka." *Yan Quing Jiang v. Travelers Home and Marine Insurance Company*, 2018 WL 6201954, at *2 (W.D. Tex. November 18, 2018).

15. All of the remaining allegations against the Forum Defendants are in the context broad, undifferentiated allegations against all of the defendants together. For an adjuster to be held individually liable, however, "they must have committed some act that is prohibited by the section, *not just be connected to an insurance company's denial of coverage."*[1] As one federal judge put it, "Plaintiff's complaint is guilty of the judicial sin of 'bunching', loosely attributing liable behavior to a bunch of defendants without any showing that each one of the bunch specifically performed any elements of the asserted cause of action. Once this Court cuts away the conclusory, bunched allegations of Plaintiff's complaint, this Court is left only with Plaintiff's assertion that Permenter, an employee of a known principal, stopped payment on the check at issue."[2]

16. Based on Plaintiffs' pleading, there is no basis for predicting that Plaintiffs might be able to establish liability against the Forum Defendants because no real facts relating to them have been set forth. Plaintiffs' claims against the Forum Defendants consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action. *See Bell Atlantic Corp v. Twombley*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2 929, 940 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed2d 868 (2009). As such, Plaintiffs cannot "establish a cause of action against [the Forum Defendants] in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (*citing Griggs v. State Farm Lloyds*, 181 F. 3d 694, 698 (5th Cir. 1999); *see also TAJ Properties, LLC v. Zurich American Ins. Co.*, Civil Action No. H-10-2512, 2010 WL 4923473 at 2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.). Since there is no reasonable basis for this Court to predict that Plaintiffs might be able to recover against the Forum Defendants, their presence should be disregarded in determining diversity jurisdiction.

---

[1] *Messersmith v. Nationwide Mutual Fire Ins. Co.*, 2014 WL 1347872, at *2 (N.D. Tex. April 7, 2014).
[2] *Capitol Body Shop v. Allstate Insurance Company*, 2019 WL 943414, at *6 (S.D. Mississippi Feb. 26, 2019).

17.     As Plaintiffs are citizens of Texas, and Hartford, David Matheson, Ana Rushka, Wayne McGrew are Sam Rivera are citizens of Connecticut, complete diversity of citizenship exists among the proper parties.

C. **HARTFORD HAS ELECTED TO ACCEPT ANY LIABILITY THAT ALLCAT, PECK AND ALLEN MAY HAVE TO PLAINTIFFS, THEREFORE PLAINTIFFS CANNOT RECOVER FROM THEM, AND THEY ARE REQUIRED TO BE DISMISSED.**

18.     In accordance with Texas Insurance Code Chapter 542A, Hartford has sent Plaintiffs' counsel correspondence accepting all liability and responsibility for Allcat, Peck, and Allen in this suit. *See* Defense Counsel's letter to Plaintiff of April 2, 2019, attached as Exhibit D; *also see* Defendant's Motion to Dismiss David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat, Peck and Allen, attached as Exhibit E.[3]

19.     Given Hartford's statutory election to accept liability on behalf of the Forum Defendants, 542A.006 mandates that the Court "shall dismiss" the action against the Forum Defendants with prejudice. "[E]ven when a plaintiff asserts viable claims against an insurance agent, an election of liability by the insurer for the agent's acts or omissions is sufficient to show improper joinder on the basis that there is no reasonable basis to predict that the plaintiff might be able to recover against the agent." *Flores v. Allstate Vehicle and Property Insurance Co. Company*, 2018 WL 5695553, at *5 (W.D. Tex. Oct. 31, 2018); *citing Electro Grafix Corp. v. Acadia Ins. Co.*, No. SA-18-CA-589-XR (docket no. 19)(W.D. Tex. Aug. 14, 2018).[4] *See Yen Quing Jiang*, 2018 WL 6201954, at *2 (Defendant elected to accept responsibility for the claims against the forum defendants in its response to the motion to remand).

---

[3] Hartford also elected to accept any liability of Matheson, Rushka, McGrew and Rivera.
[4] 2018 WL 3865416.

20. Due to the mandatory dismissal of the Forum Defendants, there is no reasonable basis for this Court to predict that Plaintiffs might be able to recover against the Forum Defendants, and their presence should be disregarded in determining diversity jurisdiction.

21. There is complete diversity of the properly joined parties because Plaintiffs are citizens of Texas, and Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera are citizens of Connecticut.

**D.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

22. This is a civil action in which the amount in controversy exceeds $200,000. Plaintiffs' Petition expressly alleges that "Plaintiff seeks: A. monetary relief over $200,000 and less than $1,000,000, and B. a demand for judgment in that amount." *See* Plaintiff's Original Petition at ¶ 12.

### III.
### REMOVAL PROCEDURE

23. The clerk of the 172nd Judicial District Court of Jefferson County, Texas has been provided notice of this Removal.

24. The following exhibits are attached to this notice and incorporated here by reference:

   A.     Index of matters being filed;

   B.     List of all parties and counsel of record;

   C.     Copies of documents from the state court file from the 172nd Judicial District Court of Jefferson County, Texas;

   D.     Defense Counsel's letter to Plaintiff of April 2, 2019; and

   E.     Defendant's Motion to Dismiss David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claim Services, L.P., Sean Peck and Monte Allen.

# IV.
# CONCLUSION & PRAYER

25. All requirements are met for removal under 28 U.S.C. §§ 1332, 1441 and 1446. Accordingly, Defendant Property and Casualty Insurance Company of Hartford hereby removes this case to this Court for trial and determination.

                                                             Respectfully submitted,

                                                             */s/ Martin R. Sadler*_____
                                                             Martin R. Sadler
                                                            Texas Bar No.: 00788842
                                                           Federal ID No. 18230
                                                           msadler@lawla.com
                                                           LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
                                                              A LAW CORPORATION
                                                           801 Travis Street, Suite 1800
                                                           Houston, Texas 77002
                                                           Telephone:  (713) 222-1990
                                                           Facsimile:  (713) 222-1996

                                                           ATTORNEY-IN-CHARGE FOR DEFENDANT,
                                                           PROPERTY AND CASUALTY INSURANCE
                                                           COMPANY OF HARTFORD

OF COUNSEL:

Christine R. Edwards
Texas Bar No. 24107329
Federal ID No. 3272073
cedwards@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
   A LAW CORPORATION
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 4th day of April 2019, a copy of the foregoing has been served upon all counsel of record in this action by ECF Filing and/or facsimile, properly addressed to:

John Pat Parsons
710 N. 11th Street
Beaumont, Texas 77702

                                      */s/ Martin R. Sadler*
                                      Martin R. Sadler