FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
3/8/2019 4:26 PM
JAMIE SMITH
DISTRICT CLERK
E-203487

NO. E203487

| | |
|---|---|
| MARK O'GRADY and PAM O'GRADY | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | |
| PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY OF | § | 172ⁿᵈ JUDICIAL DISTRICT |
| HARTFORD, DAVID MATHESON, | § | |
| ANA RUSHKA, WAYNE MCGREW, | § | |
| SAM RIVERA, ALLCAT CLAIMS | § | |
| SERVICES, L.P., SEAN PECK and | § | |
| MONTE ALLEN | § | JEFFERSON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **MARK O'GRADY** and **PAM O'GRADY**, Plaintiffs in the above-entitled and numbered cause and file this Plaintiffs' Original Petition, complaining of **PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, DAVID MATHESON, ANA RUSHKA, WAYNE MCGREW, SAM RIVERA, ALLCAT CLAIMS SERVICES, L.P., SEAN PECK** and **MONTE ALLEN**, Defendants, (hereinafter referred to collectively as ("Defendants"), and for cause of action would respectfully show unto the Court the following:

### Parties

1.  Plaintiffs, Mark O'Grady and Pam O'Grady, are individuals appearing in Court through their attorney of record.

2.  Defendant, Property and Casualty Insurance Company of Hartford, is an insurance company operating in Texas and may be served with process by serving its registered agent for service, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

· 1



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 27, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 1 of 22

3.    Defendant, David Matheson, is an individual employed by Property and Casualty Insurance Company of Hartford and may be served through his employer, by serving its registered agent for service, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4.    Defendant, Ana Rushka, is an individual employed by Property and Casualty Insurance Company of Hartford and may be served at her employer, by serving its registered agent for service, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136

5.    Defendant, Wayne McGrew, is an individual employed by Property and Casualty Insurance Company of Hartford and may be served at his employer, by serving its registered agent for service, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136

6.    Defendant, Sam Rivera, is an individual employed by Property and Casualty Insurance Company of Hartford and may be served at his employer, by serving its registered agent for service, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136

7.    Defendant, Allcat Claims, LP., is a limited partnership, doing business in the State of Texas and may be served by serving its registered agent for service, Phillip R. Hall, 16 Cascade Caverns Road, Boerne, Texas 78015.

8.    Defendant, Sean Peck, is an individual employed by Allcat Claims, L.P. and may be served at his place of employment at 16 Cascade Caverns road, Boerne, Texas 78015.

9.    Defendant, Monte Allen, is an individual and may be served at his residence located at 418 S. Inwood Drive, Bridge City, Texas.

### Discovery Plan

10.    This matter is governed by Discovery Plan Level 2.

### Jurisdiction and Venue

11.    The subject matter in controversy is within the jurisdictional limits of this court.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 27, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 2 of 22

2

12. Plaintiffs seeks:

    A. monetary relief over $200,000.00 and less than $1,000,000.00, and

    B. a demand for judgment in that amount.

13. Venue is proper in Jefferson County, according to Texas Civil Practice and Remedies Code Section 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County and according to Texas Civil Practice and Remedies Code Section 15.032 because the property that was damaged is located in Jefferson County, Texas. All matters at issue arise in Jefferson County, Texas. The jurisdictional amounts are within the jurisdictional limits of this Court.

### Facts

14. On or about August 26, 2017, Plaintiffs sustained substantial damage to their property located at 15953 Wise Road, Winnie, Jefferson County, Texas, as a result of wind and hurricane/storm damage from Hurricane Harvey.

15. Plaintiffs reported this loss to their insurance company, Property and Casualty Insurance Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera. The individuals set up a claim and retained Allcat Claims, L.P. to perform the inspection and adjustment of this claim. Allcat Claims, L.P. conducted an initial, outcome-oriented, inspection through its adjusters, Sean Peck. After the initial inspection, Defendant Monte Allen was requested to inspect the property as well. Defendants have issued partial (under) payments of the claim while denying and underpaying other "covered losses/damage."

16. Plaintiffs' property was covered by a policy of insurance issued by the Defendant, Property and Casualty Company of Hartford Policy No. 55RBC434244 in the amount of $413,000.00 in structural coverage, $43,000.00 in other structure coverage, $322,500.00 in personal



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

March 27, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith Page 3 of 22

3

property coverage and $86,000.00 in ALE coverage. Plaintiffs provided notice of loss under the insurance policy at issue; namely, wind, storm/hurricane damage to the structure. Defendant, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera, through Allcat Claims Services, L.P., Sean Peck and Monte Allen set up the claim and inspected Plaintiffs' property and adjusted Plaintiffs' wind/hurricane loss/claim (Claim #Y34 DP 71183). Despite receiving proper notice and Plaintiffs' compliance with the requirements of the policy.of insurance, Defendants did not conduct reasonable investigations and/or inspections of the premises and failed to make reasonable attempts to pay full benefits due and owing under the policy of insurance and claims at issue. ·

17.      Defendants knowingly and intentionally minimized Plaintiffs' claims, in part, and failed to fully compensate Plaintiffs for the **wind-related (storm related)** losses when the insurance carrier's liability was reasonably clear. Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen, failed to report the entire wind/storm loss thereby minimizing payment to Plaintiffs on the claim. Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen, failed to fully calculate the nature, extent, and amount of the wind/storm loss, again in an effort to minimize the payment to Plaintiffs.

18.      Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen, misrepresented both the nature and extent of the damages caused by the wind/storm and grossly underpaid Plaintiffs based on the value of the property; all leading to a substantial underpayment of policy benefits to Plaintiffs...........by and through the following acts/omissions committed by

4



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 27, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith Page 4 of 22

Defendants Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne

McGrew, Sam Rivera, and more specifically Allcat Claims Services, L.P., Sean Peck and Monte

Allen:

       a.    Not addressing all of the structural damage (including all wind/storm damage to the house);

       b.    Not addressing all of the other structure damage, all contents damage, and all ALE damage;

       c.    Not allowing for overhead and profit on Defendant's estimate;

       d.    Not addressing any general conditions at the property;

       e.    Not authoring a reasonable estimate based on the extent of the wind/storm damage;

       f.    Failing to timely issue proper/full payment;

       g.    Failing to pay recoverable depreciation (RCV);

       h.    Authoring a fraudulent report that established the damages to be less then the actual amount damaged and owed;

       i.    Drafting, authoring, and creating claim letters that were mailed to Plaintiffs/insured with amounts less than what was owed;

       j.    Mailing a letter for the improper payment amount;

       k    Failing to pay mandatory statutory interest on all under-payments once the Ins. Code Demand letter was mailed.

19.    The above referenced facts document a clear breach of the terms of the contract (to pay for

wind/storm related damage), as well as a clear breach of Defendants' duty of good faith and fair

dealing.

20.    As detailed in the above paragraphs, Property and Casualty Company of Hartford, wrongfully

adjusted Plaintiffs' claims for structural repairs to the property. Furthermore, Property and Casualty

Company of Hartford underpaid Plaintiffs' claims by not providing full coverage for the damage



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 27, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith Page 5 of 22

sustained by the Plaintiffs as well as under 'scoping' the damages during its investigation.

Additionally, Property and Casualty Company of Hartford continues to delay in the full payment

of damages to the structural damages and statutory interest...............Plaintiffs sent their 60-day

Insurance Notice to Defendants on October 15, 2018. See **Exhibit A.** Furthermore, Defendants,

Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam

Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen, failed to comply with the Texas

Insurance Code by not paying statutory interest on its initial underpayment.

21.     Defendant, Property and Casualty Company of Hartford, failed to perform its contractual

duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to

pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an

amount sufficient to cover the damaged property and all conditions precedent to recovery upon the

Policy had been carried out and accomplished by Plaintiffs. Property and Casualty Company of

Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P.,

Sean Peck and Monte Allen's conduct constitutes a breach of the insurance contract between

Property and Casualty Company of Hartford and Plaintiffs. Finally, in November 2018 Defendant

sent notice of cancellation/non-renewal even though the damage to the property at issue was the

same damage the Defendants failed to properly adjust and pay thereby leaving the Plaintiffs without

insurance.

22.     Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka,

Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen,

misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even

though the damage was caused by a covered occurrence----wind/storm/hurricane. Defendants,

Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 27, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Janie Smith Page 6 of 22

6

Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

23.    Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen, failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

24.    Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen, failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen, failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen, did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 27, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 7 of 22

7

25.     Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen, failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen. Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(4).

26.     Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen refused to fully compensate Plaintiffs, under the terms of the Policy, by failing to conduct a reasonable investigation. Specifically, Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen, performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the Property. Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

27.     Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' full claim, beginning an investigation of Plaintiffs' claim



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 27, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 8 of 22

8

and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.055.

28.     Defendant Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera failed to accept or deny Plaintiffs' full and entire claim within statutorily mandated time of receiving all necessary information. Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.056.

29.     Defendant Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera failed to meet its obligations under the Texas Insurance Code regarding full payment of claim without delay.  Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs has not yet received full payment for their claim. Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera's  conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

30.     From and after the time Plaintiffs' claim was presented to Defendant Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, the liability of Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. Property

9



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 27, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY,TEXAS
Jamie Smith Page 9 of 22

and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera's conduct constitutes a breach of the common law duty of good faith and fair dealing.

31.     Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

32.     As a result of Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing them with respect to these causes of action.  Plaintiffs, through their attorney, notified Defendants of its claims.  **See Exhibit A.**

## Causes of Action:

### Causes of Action Against Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera, Only

33.     Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

### Anticipatory Breach

34.     Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera committed an anticipatory breach of the insurance contract thus relieving Plaintiffs of any corresponding obligation on the contract.  Defendant's denial of liability

10


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 27, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 10 of 22

without justification was unreasonable and unjust.

### Breach of Contract

35.    Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera's conduct constitutes a breach of the insurance contract made between Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew amd Sam Rivera and Plaintiffs.

36.    Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera's insurance contract with Plaintiffs.

### Noncompliance with Texas Insurance Code
### Unfair Settlement Practices

37.    Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a). All violations under this article are made actionable by Tex. Ins. Code §541.151.

38.    Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1).

11


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 27, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 11 of 22

39.   Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).

40.   Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(3).

41.   Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(4).

42.   Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).


I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 27, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 12 of 22

12

### Noncompliance with Texas Insurance Code
### The Prompt Payment of Claims

43.   Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by Tex. Ins. Code §542.060.

44.   Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera's failure to acknowledge receipt of Plaintiffs' full claim, commence investigation of the full claim, and request from Plaintiffs all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the Tex. Ins. Code §542.055.

45.   Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code §542.056.

46.   Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera's delay of the payment of Plaintiffs' full claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  Tex. Ins. Code §542.058.

### Breach of the Duty of Good Faith and Fair Dealing

47.   Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka,

13



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 27, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 13 of 22

Wayne McGrew and Sam Rivera's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

48.     Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew and Sam Rivera knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of good faith and fair dealing.

### Causes of Action Against Defendants,
### Allcat Claims Services, L.P., Sean Peck and Monte Allen Only

#### Noncompliance with Texas Insurance Code
#### Unfair Settlement Practices

49.     Defendants, Allcat Claims Services, L.P., Sean Peck and Monte Allen's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a) All violations under this article are made actionable by Tex. Ins. Code §541.151.

50.     Defendants, Allcat Claims Services, L.P., Sean Peck and Monte Allen's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code. §541.060(a)(1).

51.     Defendants, Allcat Claims Services, L.P., Sean Peck and Monte Allen's settlement practice, as describe above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendants' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(2)(A).



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 27, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith Page 14 of 22

14

52.   Defendants, Allcat Claims Services, L.P., Sean Peck and Monte Allen's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code §541.060(a)(3).

53.   Defendants, Allcat Claims Services, L.P., Sean Peck and Monte Allen's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code §541.060 (a)(4).

54.   Defendants, Allcat Claims Services, L.P., Sean Peck and Monte Allen's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code §541.060(a)(7).

**Fraud Against Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen**

55.   Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen  are liable to Plaintiffs for common law fraud.

56.   Each and every one of the representations, as described above, concerned material facts for the reason Plaintiffs would not have acted and which Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen knew were false or made recklessly without any knowledge of

15



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 27, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 15 of 22

their truth as a positive assertion. Each Defendant was engaged in the "business of insurance" at the time these fraudulent representations were made during the adjustment of Plaintiffs' claim.

57.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, there causing Plaintiffs to suffer injury and constituting common law fraud.

**Conspiracy to Commit Fraud Against Property and Casualty Company**
**of Hartford, David Matheson, Ana Rushka, Wayne McGrew,**
**Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen**

58.     Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen are liable to Plaintiffs for conspiracy to commit fraud. Defendants, Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Property and Casualty Company of Hartford, David Matheson, Ana Rushka, Wayne McGrew, Sam Rivera, Allcat Claims Services, L.P., Sean Peck and Monte Allen committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result of Defendants' acts/omissions. At all times, Defendants knew that their liability was reasonably clear, and still failed to properly handle their claim which constitutes a breach of the duty of good faith and fair dealing.

**Knowledge/Intent**

59.     Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" as the terms are used in the Texas Insurance Code and were a producing cause of



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 27, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 16 of 22

Plaintiffs' damages described herein.

### Damages

60.     Plaintiffs will show that all of the above referenced acts were the producing cause(s) of Plaintiffs' damages. The damages caused by the wind/storm/hurricane have left Plaintiffs' property severely damaged. These damages have not been properly addressed by Defendants and have not been repaired due to the underpayment causing further damage to the Property, which has led to undue hardship and burden on Plaintiffs—which then led to Defendant non-renewing Plaintiffs' insurance policy. Plaintiffs are forced to continue to live in the structure although severely damaged by the storm. These damages are a result of Defendants' mishandling of Plaintiffs' claim in direct violation of the laws detailed above.

61.     For Plaintiffs' breach of contract cause of action, Plaintiffs are entitled to the benefits they should have received under the policy of insurance in place at the time of the wind loss. Plaintiffs are asking for full benefits due and owing under the policy, along with their attorney's fees and expenses. Plaintiffs are entitled to full policy benefits that are due and owing for its loss.

62.     For the violations of the Texas Insurance Code and Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the full benefits due and owing under the policy, attorney's fees and expenses and costs of court. Furthermore, because Defendants' acts were committed knowingly, Plaintiffs are entitled to three times their actual damages.

63.     For violations of the Texas Insurance Code and Prompt Payment of Claims, Plaintiffs are entitled to their damages, as detailed above and below, as well as eighteen percent statutory interest per year as damages, along with attorney's fees and expense.

64.     For breach of common law duty of good faith and fair dealing, Plaintiffs are entitled to all damages, including those detailed above and below, as well as all forms of loss resulting from



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 27, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 17 of 22

17

Defendants' breach of said duty, including but not limited to additional costs, losses due to nonpayment of the amount(s) owed under the policy, economic hardship, punitive damages, exemplary damages.

65.     For Defendants' fraudulent acts, Plaintiffs are entitled to recover actual damages and exemplary damages for Defendants' knowingly making fraudulent representations, along with attorney's fees, interest, and costs of court.

66.     The acts and omissions of these Defendants have made it necessary for Plaintiffs to retain undersigned counsel, and Plaintiffs agreed to pay undersigned counsel reasonable and necessary attorney's fees, expenses, and costs of suit. Plaintiffs' counsel has a forty percent (40%) contingent fee. When calculated on an hourly rate basis, however, at customary hourly rate charges in this community, Plaintiffs anticipate that attorney's fees and expenses incurred through a trial of this case will be approximately $250,000.00 to $350,000.00, in the discretion of the jury, and also that any necessary appellate attorney's fees and expenses will be approximately $15,000.00, or in an amount in the discretion of the jury. Plaintiffs are entitled to recover its reasonable and necessary attorney's fees and expenses under applicable provisions of the Texas Insurance Code.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that Plaintiffs recover their actual damages, consequential damages, statutory damages and enhancements, punitive damages, attorney's fees, costs, expenses, interest, and for such other and further relief, at law or in equity, to which Plaintiffs may show themselves justly entitled.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
March 27, 2019
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith  Page 18 of 22

Respectfully submitted,

**LINDSAY, LINDSAY & PARSONS**

John Pat Parsons
TSB#24065876
710 N. 11th Street
Beaumont, Texas 77702
409/833-1196
409/832-7040 (Fax)
jparsons@llptx.com

**ATTORNEY FOR PLAINTIFFS,**
**MARK O'GRADY and PAM O'GRADY**

19



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

March 27, 2019

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
Jamie Smith Page 19 of 22